IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KATHERINE COTRELL,                          Case No. 3:15-cv-00844-AA
                                                OPINION AND ORDER
          Plaintiff,

     v.

CENTRAL MORTGAGE COMPANY,
NORTHWEST TRUSTEE SERVICES,
INC.,

          Defendants.
_____

Benjamin D. Knaupp
Garland Griffiths Knaupp
254 N. First Avenue
Hillsboro, OR 97124
     Attorney for plaintiff

Lukasz I. Wozniak
Wright, Finlay & Zak, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
     Attorney for defendant Central Mortgage Company

John M. Thomas
RCO Legal, P.C.
511 S.W. Tenth Avenue, Suite 400
Portland, OR 97205
     Attorney for defendant Northwest Trustee Services, Inc.


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendants Central Mortgage Company (Central) and Northwest Trustee Services, Inc. (NWTS) move to dismiss plaintiff Katherine Cotrell's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Defendants also move for judicial notice of certain publicly-filed documents. For the reasons set forth below, defendants' motions are granted.

BACKGROUND

In November 2005, plaintiff took out a loan in the amount of $560,000 to purchase a residential property in Portland, Oregon (Property). Pursuant to this transaction, plaintiff executed a Promissory Note (Note), which was secured by a Deed of Trust (DOT). The DOT identified plaintiff as the borrower, Barrington Capital Corporation (Barrington) as the lender, Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and nominee, and Fidelity National Title Company of Oregon as the trustee. Under the DOT, plaintiff agreed to make monthly mortgage payments as required under the Note. Plaintiff also agreed that she would be in default, and subject to foreclosure, if she failed to make such payments.

"Sometime during the fall of 2008," plaintiff stopped making

---

[1] NWTS articulates alternative bases for dismissal, including Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(4), and Fed. R. Civ. P. 12(b)(5). Because plaintiff's complaint fails under Fed. R. Civ. P. 12(b)(6), and because NWTS neglected to adequately brief these other bases, the Court declines to address them.

loan repayments as required by the Note and DOT. Compl. ¶ 5. On December 31, 2008, MERS assigned the DOT, as nominee for Barrington, to Central. Also on December 31, 2008, Central appointed NWTS as successor trustee under the DOT; NWTS, in turn, issued and recorded a Notice of Default. Plaintiff failed to cure her default and, on April 20, 2009, NWTS issued and recorded Trustee's Notice of Sale.

On May 6, 2009, Central purchased the Property at the foreclosure sale. A Trustee's Deed was recorded on May 11, 2009. Plaintiff vacated the Property in July 2009.

On April 24, 2015, plaintiff filed a complaint in Multnomah County Circuit Court, alleging claims for wrongful foreclosure under the Oregon Trust Deed Act (OTDA) and trespass. On May 15, 2015, Central removed plaintiff's case to this Court. On May 20, 2015, Central moved to dismiss plaintiff's complaint. On July 3, 2015, NWTS filed a separate motion to dismiss.

## STANDARD OF REVIEW

Where the plaintiff fails to state a claim upon which relief can be granted, the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir.

Page 3 - OPINION AND ORDER

1983). Bare assertions, however, that amount to nothing more than a formulaic recitation of the elements of a claim are conclusory and not entitled to be assumed true. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint must contain sufficient allegations of underlying facts to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendants argue that plaintiff's complaint should be dismissed because she is statutorily barred from challenging the underlying non-judicial foreclosure, which was completed nearly six years before this lawsuit was commenced. In addition, defendants contend that MERS' status as beneficiary did not invalidate the foreclosure. According to defendants, plaintiff's trespass claim fails because the DOT expressly permitted them to physically access the Property and a judgment of eviction was entered against plaintiff.

Conversely, plaintiff asserts that "[p]ost foreclosure sale challenges are recognized by the Oregon [C]ourt of Appeals." Pl.'s Resp. to Central's Mot. Dismiss 3. Plaintiff also argues that the recorded documents do not establish Central's beneficial ownership of the Note, or defendants' right to enter the Property, such that her claims are sufficiently alleged to survive dismissal.

I.   <u>Preliminary Matters</u>

The Court must address two issues before reaching whether dismissal is warranted.

A.   <u>Requests for Judicial Notice</u>

Central moves for judicial notice of the DOT, recorded in Multnomah County on November 9, 2005. NWTS moves for judicial notice of the General Judgement of Eviction it received against plaintiff in relation to the Property, dated July 2, 2009, from the Multnomah County Circuit Court. The documents at issue are part of the public record, such that their accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); <u>Santa Monica Food Not Bombs v. City of Santa Monica</u>, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). Indeed, plaintiff attached portions of the DOT to her complaint and otherwise does not dispute the authenticity of these materials. Defendants' requests for judicial notice are granted.

B.   <u>Requests to Amend</u>

Plaintiff seeks leave to amend her complaint via her response briefs. Plaintiff's requests are denied because they do not comply with the Local Rules. LR 7-1(b); LR 15.

II.  <u>Plaintiff's First Claim Under the OTDA</u>

Plaintiff alleges that NWTS "lacked any legal authority to foreclose on the lien against [her] property" because the non-judicial foreclosure "did not comply with the Oregon law." Compl. ¶ 14. Plaintiff also alleges that MERS "lacked any right, title or interest of its own in the mortgage," such that the recorded

Page 5 - OPINION AND ORDER

assignment of the DOT failed to convey Barrington's beneficial
interest to Central. Id. at ¶ 12. Plaintiff concludes that
defendants' wrongful actions caused her to lose her home and suffer
monetary damages in the form of lost rent. Id. at ¶ 15.

The Court finds that plaintiff fails to state a claim upon
which relief can be granted. Courts within this District have
consistently found that the OTDA precludes challenges to completed
non-judicial foreclosures where timely statutory notice was served,
even where the plaintiff asserts procedural defects due to MERS'
involvement. See, e.g., Mikityuk v. N.W. Tr. Servs., Inc., 952
F.Supp.2d 958, 962-70 (D.Or. 2013); Morkal v. Fed. Home Loan Mortg.
Corp., 2014 WL 2041364, *4 (D.Or. May 8, 2014); Mitchell v.
Homesales, Inc., 2014 WL 1744991, *3-4 (D.Or. Apr. 30, 2014); Liu
v. N.W. Tr. Servs., Inc., 2014 WL 657000, *3-4 (D.Or. Feb. 19,
2014); Baricevic v. Mortg. Elec. Registration Servs., Inc., 2014 WL
297091, *2-3 (D.Or. Jan. 24, 2014); Collette v. Sutherland, 2014 WL
203922, *1-2 (D.Or. Jan. 15, 2014).

Plaintiff does not dispute that: (1) she was in default at the
time of the non-judicial foreclosure; (2) she lacked the ability to
cure her default; (3) she received adequate statutory notice under
the OTDA; and (4) the sale of the Property was completed and
recorded years before she filed this lawsuit. Further, plaintiff's
reliance on forcible entry and detainer proceedings, including U.S.
Bank, NA v. Eckert, 267 Or.App. 721, 341 P.3d 173 (2014), is

misplaced. <u>Eckert</u> explicitly declined to reach the bank's argument, raised for the first time upon reconsideration, that the property's occupant was not permitted to challenge the validity of the underlying trustee's sale. <u>Eckert</u>, 267 Or.App. at 722-24. In other words, Eckert did not reach the issue presented here and is therefore not instructive. <u>Id.</u> Moreover, forcible entry and detainer proceedings are fundamentally different from wrongful foreclosure actions, as they are governed by a separate statutory scheme and serve a discrete purpose. <u>Compare</u> <u>U.S. Bank Nat'l Ass'n v. Wright</u>, 253 Or.App. 207, 213, 289 P.3d 361 (2012) ("[b]y its very nature, an action for ejectment requires the plaintiff to prove the nature of its legal estate in the property") (citing Or. Rev. Stat. §§ 105.005(1), 105.010(1); <u>Hoover v. King</u>, 43 Or. 281, 284, 72 P. 880 (1903)); <u>with</u> <u>Mikityuk</u>, 952 F.Supp.2d at 962-70 (summarizing the OTDA and Oregon case law regarding wrongful foreclosure actions and holding that the former version of Or. Rev. Stat. § 86.797 bars post-sale challenges by parties to whom proper notice is given, because such a bar is consistent with the OTDA's purpose of providing lenders an efficient and final remedy against defaulting borrowers).

This is not to say that courts lack authority to set aside a trustee's sale "on equitable grounds, or upon any acts of bad faith by the trustee or creditor." <u>Mikityuk</u>, 952 F.Supp.2d at 970 n. 10. Plaintiff, however, alleges no facts implicating defendants' bad

faith or any other equitable concerns. She likewise provides no legal or factual basis for this Court to diverge from well-established precedent regarding post-sale wrongful foreclosure actions. Defendants' motions are granted as to plaintiff's first claim.

III. Plaintiff's Second Claim for Trespass

Plaintiff alleges that defendants trespassed by "unlawfully possessing and selling the property without legal title to the property because the trustee's sale was invalid." Compl. ¶ 16.

Plaintiff fails to state a claim for trespass. The DOT expressly authorized defendants to enter the Property upon plaintiff's 2008 default. Central's Mot. Jud. Notice Ex. 1, at 9; Compl. ¶ 5; see also Verizon N.W., Inc. v. Main St. Dev., Inc., 693 F.Supp.2d 1265, 1278 (D.Or. 2010) ("[i]f a trespasser had the landowner's consent to enter upon the land for a particular purpose, the landowner cannot maintain an action for trespass") (citation omitted). Regardless, plaintiff does not allege that defendants entered the Property at any point and the record demonstrates the foreclosure sale "was held at the Multnomah County Courthouse." Central's Reply to Mot. Dismiss 8; Compl. Ex. 5, at 2. Furthermore, NWTS obtained a judgment of eviction against plaintiff after the non-judicial foreclosure was completed via a forcible entry and detainer proceeding. NWTS' Mot. Judicial Not. Ex. 1, at 1. As noted above, plaintiff had an opportunity to raise any

defects inherent to the foreclosure process at that time; she elected not to appear and instead filed this action nearly six years later. Id. Defendants' motions are granted as to plaintiff's second claim.

## CONCLUSION

Defendants' motions for judicial notice (doc. 8, 12) are GRANTED. Defendants' motions to dismiss (doc. 4, 11) are also GRANTED. The parties' requests for oral argument are DENIED as unnecessary. Any motion for leave to amend the complaint shall be filed within 20 days of the date of this Opinion, otherwise the Court will enter judgment dismissing this case.

IT IS SO ORDERED.

Dated this *30* day of July 2015.

Ann Aiken
United States District Judge